CATHARINE HARRISON
vs.
WILLIAM McCONKEY.

} MARCH TERM, 1847.

[LIFE INSURANCE POLICY—ASSIGNMENT OF.]

By the terms of the assignment of a life insurance policy, the assignee was to receive the proceeds, and if other securities held by him were insufficient for that purpose, to apply the same to the satisfaction of his claims against the assignor, and to pay over the residue, if any, to the wife of the latter. HELD—

That this was such a consummate transfer and delivery of the policy, as to take from the assignor the legal power and dominion over it, and authorized the company to pay the money to the assignee without the interposition of the administrator of the assignor, and that the title of the wife to the residue, after paying the claim of the assignee, was good.

[Thomas P. Harrison, deceased, late of Baltimore, in March, 1846, effected an insurance of his life in the National Loan Fund and Life Assurance Company, (chartered by act of the British parliament, and doing business in Baltimore,) for the sum of $1000, and received from said company its policy, which he assigned to the defendant, McConkey, to whom he was then largely indebted, in aid of certain securities which he then held, and also as a security for additional advances, at that time made by him, to the assignor. By the terms of the assignment, the proceeds of the policy, were on the death of the assignor, to be received by the assignee, and in case the other securities, held by him were insufficient for that purpose, to apply said proceeds, or so much thereof, as might be necessary to the satisfaction of his claims against the assignor, and the residue to pay over to the wife of the latter, the present complainant, to her own use, and free from all claims of the creditors of said Harrison, the assignor. A short time previous to his death, Harrison again requested said McConkey not to resort to the policy of insurance, until his other securities should be exhausted, and it appeared from the proceedings, that the deceased, though he effected said insurance at the suggestion of McConkey, was partly induced so to do by the desire of securing to

his wife in the event of his death, the sum for which he insured. After the death of Harrison, in November, 1846, McConkey received the amount secured by the policy, which latter was delivered to the agent of the company, and transmitted to the general agent in New York.

McConkey having been nearly paid without resorting to the proceeds of the policy, the same was claimed by the widow of the deceased, whose administrator set up a counter claim thereto, and by his answer denied that his intestate made any such assignment as was valid and effectual in law, to vest the policy or the proceeds thereof in the complainant.]

The Chancellor:

I am of opinion, upon the facts proved in this case, that there was such a consummate transfer and delivery of the policy in question, as took from the husband the legal power and dominion over it; that after he had assigned the policy by indorsement and delivery to the defendant, McConkey, for the purposes disclosed in the evidence, there no longer remained to the assignor any authority or control over it; that the property passed by the indorsation and delivery; and that upon the death of Harrison, the insurance company had full authority to pay the money to McConkey, the assignee, without the interposition of the administrator of Harrison.

This is not like the cases of *Pennington* vs. *Patterson*, 2 *Gill & Johns.*, 208—and *Bradley and wife* vs. *Hunt*, 5 *Gill & Johns.*, 54, in which the legal power and dominion over the property in dispute, remained, notwithstanding the acts done, by the alleged donors; but it is the case of a complete and absolute transfer of the entire possession and title, leaving the party making the transfer, no power whatever over the subject, and requiring nothing of him or his administrator to perfect it.

It is believed that according to the reasoning of the Court of Appeals, in the cases referred to, that tribunal would hold the right of the wife, in this case, to be good against the administrator of the husband.

I shall accordingly so order, but the case must go to the

Auditor, for the purpose of stating an account, showing the precise amount which may be due the complainant, on account of the proceeds of the policy received by McConkey, and what surplus may remain in his hands, of the other securities assigned him by Thomas P. Harrison, which will be payable to his administrator. It is, thereupon ordered, this 29th day of September, 1847, that this case be, and the same is hereby referred to the Auditor, with directions to state an account, in conformity with the views hereinbefore expressed, and such other accounts as the nature of the case may require.

[No appeal was taken from this order.]