## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed October 13, 1897.

CAROLINE WIENECKE, ET AL.
VS.
WILLIAM G. ARBIN, ADMINISTRATOR.

*William E. Schloegel* for plaintiffs.
*Albert S. J. Owens* for defendant.

STOCKBRIDGE, J.—

The New York Life Insurance Company, on the 11th of April, 1874, issued a paid up policy on the life of John Wienecke for $2,170, in which Caroline Wienecke, wife of John, was named as the assured, the policy being numbered 105,364. Twelve days later, on April 23, John Wienecke signed a paper in these words:

BALTIMORE, April 23, 1874.

It is understood and agreed that in the case of my (John Wienecke's) death that all indebtedness due Henry Arbin, now and hereafter, shall be paid out of my life insurance policy No. 105,364 in the New York Life Insurance Company, after which being paid the policy is to be delivered up to my heirs.

JOHN WIENECKE.

Witness:

W. F. KUNKEL.

And below, upon the same sheet of paper, but without any date, was written:

"It is understood and agreed that the above policy No. 105,364 shall not be given up until the above agreement shall be complied with.

her
CAROLINE X WIENECKE.
mark.

Witness:

W. F. KUNKEL.

On the 30th of July, 1874, Henry Arbin signed ten promissory notes, each for the sum of $113.13, payable at intervals of thirty days, upon all of which the name of the payee was left blank. Henry Arbin has long since died, and John Wienecke, the insured, has recently died, and upon his death the policy of insurance, the "understanding" and the ten promissory notes turn up in the hands of Mr. Arbin's administrator, who now claims to have the alleged debt due his decedent, repaid out of the proceeds of the policy, and the same is also claimed by Caroline Wienecke, as the assured named in the policy. The insurance company filed a bill of interpleader, and the money was brought into Court. The awarding of the fund arising from said policy of insurance is the issue now presented.

After the lapse of so long a time, it is almost inevitable that many links in the chain of evidence in support of the respective claims should have been lost, so that it is a matter of unusual difficulty to abstain from inferences, and confine the consideration and conclusion to be reached strictly to the positive evidence. Thus anything like an actual delivery of the policy and of the "understanding" is not proved to have been made either by Caroline Wienecke or her husband, but the signatures of both John and Caroline Wienecke to the "understanding" are proven by the attesting witness; that the ten notes offered in evidence were given either for a debt of or for the benefit of John Wienecke by Henry Arbin, and that they were paid at maturity by Arbin, and that they have never been repaid to Arbin is all testified to by the widow of Mr. Arbin, and the payment of a portion of them is also proven by the witness Kunkel, to whom they were paid. This is practically all of the testimony in the case. Under the Statute the mouth of Mrs. Wienecke is closed, so that she cannot testify either to the circumstances surrounding her signing of the "understanding," whether the same was in fact ever delivered to Henry Arbin or to any one else, or with reference to the notes or the payment of them. The testimony is therefore entirely upon the side of the administrator of Henry Arbin, and it is uncontradicted, for the fact that Mr. or Mrs. Wienecke did at a subsequent date upon an affidavit, that the original policy

had been lost or destroyed receive a certificate for the policy cannot now countervail the production of the original policy.

All that the Court has to do therefore is to pass upon the law as applicable to a condition such as is disclosed by the papers in the case. Is the "understanding" equivalent to an assignment? There can be no question in this State at this day that a life insurance policy in which a married woman is the assured is a chose in action which is assignable by her with the consent of her husband to secure his debts, and that it may be valid and effectual even though the company has never been notified of the assignment. Thus mere possession of the policy is evidence of title in the policy and the right to its proceeds, and in the absence of a formal transfer in writing, which is not necessary, there are many other facts and circumstances which Courts will recognize as equivalent to an assignment. Delivery even is not an essential. May on Insurance, 3rd Ed., Sec. 395, p. 873.

There are a number of cases closely resembling in their facts the one at bar, where an equitable assignment of a life policy has been held to have been made. Thus, in Dufaure vs. The Professional Life Ins. Co., 25 Beav. 599, James Laird being indebted to the plaintiff, deposited with him a policy upon his life as security for all moneys due, and which might at any time thereafter become due from Laird to the plaintiff. No assignment of the policy was ever executed, and no notice was ever given to the company of the deposit, but the plaintiff retained possession of it and it was held that he was entitled to recover from the company all moneys which were due to him at the time of the death of the insured. So in the case of Jones vs. The Consolidated Ins. Co., 26 Beav. 256, a deposit with a letter authorizing the depository to hold the policy as security for any indebtedness that might exist between the insured and the assignee was declared to be an assignment which a Court of Equity would recognize and enforce. And substantially to the same effect are the cases of

Chowne vs. Baylis. 31 Beav. 351, and

Swift vs. R. W. Pass. Benefit Assocn., 96 Ill. 309.

But if we look to the strict letter of the "understanding," disregarding the equitable effect of the possession of the policy in the hands of the administrator of Henry Arbin, it is undoubtedly true that the paper which bears the signatures of John and Caroline Wienecke is not an assignment. It is defective in two respects; first, in that upon the face of the paper Mrs. Wienecke assigns nothing—she only gives her assent to a not very clearly expressed understanding, and second, it does not purport to transfer the entire interest of the supposed assignors. But even this view will not suffice to defeat the claim of Mr. Arbin's administrator. The "agreement" and policy seem to have gone together, and as was said in the case of the Travelers' Insurance Company vs. Healey, 28 N. Y. Supp. 482, where there was a delivery of possession without the valid and effectual assignment, it was a pledge and gave to the pledgee a special property in the thing pledged, the general title to which remained in the pledgor. That special property was in a case like this the right to detain the policy until the indebtedness was paid and to have the indebtedness repaid out of the proceeds. Thus, whether the paper in question be regarded as an equitable assignment under the reasoning of the cases referred to, or as a pledge, the Court would be required under the ruling in Harrison vs. McConkey, 1 Md. Ch. 34, to direct the payment to the administrator of Henry Arbin of the amount of the indebtedness due upon the promissory notes offered in evidence, viz.: the sum of $1,131.30.

The only remaining question is that of interest. This is a matter which in such cases always rests in this State in the discretion of the Court. The proof in this case shows that Henry Arbin died nearly, if not quite, twenty years ago, but that no demand has ever been made upon John Wienecke for a settlement of the indebtedness, although he survived Mr. Arbin for many years. Nor is there any proof but what if such demand had been made and properly pressed, a settlement of this claim would have been had long since. This long continued inaction upon the part of the administrator was clearly laches upon his part, and when, by his own remissness. a period has been allowed to elapse in which the interest would, if allowed, amount to more than the

principal, to allow it would be to suffer him to profit by his own inattention. This would be so clearly inequitable that the present claim for interest will be disallowed. A decree will therefore be signed directing the clerk of this Court to draw his checks upon the fund now deposited with him, one to the order of Henry Arbin's administrator for the sum of $1,131.30, and for the balance, less the costs of this case, to the order of Caroline Wienecke.